IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mitito Twitty, ) | C/A No.: 0:23-4559-SAL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| United Collection Bureau, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Mitito Twitty ("Plaintiff"), proceeding pro se, filed this case on September 11, 2023, against United Collection Bureau, Inc. ("Defendant"), asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), based on Defendant allegedly contacting Plaintiff after being informed Plaintiff refused to pay the applicable debt.[1]

This matter comes before the court on Plaintiff's motion to strike affirmative defenses. [ECF No. 20]. Defendant opposes Plaintiff's motion. [ECF No. 21]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings. For the reasons that follow, the court denies Plaintiff's motion to strike.

---

[1] Defendant "notes that Plaintiff has recently litigated nearly identical cases. See Twitty v. First Fin. Asset Mgmt., C.A. 23-39-SAL-SVH (Mar. 13, 2023); Twitty v. LexisNexis Risk Solutions, C.A. 0:23-CV-01871 (May 4, 2023)." [ECF No. 21 at 2 n.1].

I.       Factual and Procedural Background

On October 10, 2023, Defendant filed its answer to Plaintiff's amended complaint. [ECF No. 13]. In its answer, Defendant asserted the following affirmative defenses:

> 1.      Plaintiff's claims are barred as against Defendant by 15 U.S.C. § 1692k(c).
> 2.      Plaintiff's state law claims are barred as against Defendant by federal statutes, including 15 U.S.C. § 1692 et seq.
> 3.      Plaintiff's Complaint is barred due to his failure to exhaust his administrative remedies.
> 4.      Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover statutory damages under 15 U.S.C. § 1692k(2)(A) and thus all requests for statutory damages there under are improper.
> 5.      Defendant is informed and believes and thereon alleges that the applicable statutes of limitation bar all claims for relief in the Complaint.
> 6.      Defendant is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Defendant.
> 7.      The damages claimed by Plaintiff could have been mitigated with due diligence or by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar to recovery under the Complaint.
> 8.      The Complaint and each of its purported claims for relief are barred by the doctrine of estoppel.
> 9.      The Complaint and each of its purported claims for relief are barred by the doctrine of laches.
> 10.     The Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands. Plaintiff's Complaint does not contend that the subject debt is not owed, nor that the subject debt has been satisfied. As such, Plaintiff is in breach of the agreement with the credit originator, and but for the breach of that agreement Defendant would not have communicated with Plaintiff.

>   11. The Complaint and each of its purported claims for relief are barred by the doctrine of waiver.
>   12. Defendant alleges that at all times it acted in good faith and with good cause. The conduct of Defendant was within the reasonable expectations of the parties and was reasonably related to Defendant's legitimate business interests upon the basis of reasonable factors.
>   13. The Complaint, fails to state facts sufficient to constitute a cause of action against Defendant relative to the content of the alleged communications and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendant.
>   14. Defendant is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiffs are the result of the acts or omissions of third persons over whom Defendant had neither control nor responsibility, and whom Plaintiff has failed to name in this action.
>   15. Defendant alleges that the Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time. Defendant therefore reserves the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

*Id.* Plaintiff then filed a motion to strike the affirmative defenses included in Defendant's answer, arguing the defenses "are legally insufficient, irrelevant, not properly plead and Defendant has not basis to assert them." [ECF No. 20 at 2].

II.  Discussion

Fed. R. Civ. P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is

3

often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (2d ed. 1990)). Whether to grant a motion to strike under Rule 12(f) is within the sound discretion of the court. *See GTSI Corp. v. Wildflower Int'l, Inc.*, C/A No. 1:09-123, 2009 WL 2160451, at *4 (E.D. Va. July 17, 2009).

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court established that a plaintiff must not only provide fair notice of his or her claims, but also plead sufficient facts that show that the right to relief is plausible. Mere "formulaic recitation[s] of the elements of a cause of action" or allegations that only state "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement" do not meet the pleading standards for a complaint. *Twombly*, 550 U.S. at 555–57. However, the Fourth Circuit has not held that *Twombly*'s plausibility standard applies to affirmative defenses.

"District courts in the District of South Carolina are divided on whether the applicable standard [to affirmative defenses] is that of *Twombly* and *Iqbal* or a lower standard"; however, "recent decisions appear to weigh in favor of applying a lower pleading standard to affirmative defenses." *Yacht Basin Provision Co., Inc. v. Inlet Provision Co.*, C/A No. 2:22-02180-DCN, 2022 WL 17068795, at *6 (D.S.C. Nov. 17, 2022) (collecting cases and holding

4

that the fair notice pleading standard applies to affirmative defenses). As explained by this court:

> Rule 8(a) of the Federal Rules of Civil Procedure—which governs claims for relief, such as those made in a complaint—requires "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). *Iqbal* and *Twombly* addressed whether a complaint's allegations were sufficient to meet Rule 8(a)(2)'s requirement that a complaint show that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679, 682–83; *Twombly*, 550 U.S. at 555–57. By contrast, Rule 8(b)(1)(A)—which governs defenses—provides that "a party must . . . *state* in short and plain terms its defenses to each claim asserted against it," and Rule 8(c)(1)—which governs affirmative defenses—provides that "a party must *affirmatively state* any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1)(A), (c)(1) (emphasis added). Thus, whereas Rule 8's pleading provision "uses 'showing,' its response and affirmative-defense provisions use 'state,' and the analyses in *Iqbal* and *Twombly* relied on 'showing.'" *Hand Held Prod., Inc.* [*v. Code Corp.*, No. 17-167-RMG, 2017 WL 2537235, at *5 (D.S.C. June 9, 2017)] (quoting *Ability Hous. of Ne. Florida, Inc. v. City of Jacksonville*, No. 3:15-CV-1380-J-32PDB, 2016 WL 816586, at *1 (M.D. Fla. Mar. 2, 2016)); *see also Palmetto Pharms. LLC v. AstraZeneca Pharms. LP*, No. 2:11-CV-00807-SB-JDA, 2012 WL 6025756, at *7 (D.S.C. Nov. 6, 2012) ("Notably, Rules 8(b) and 8(c) are 'markedly less demanding' than Rule 8(a)."), report and recommendation adopted, No. 2:11-CV-00807, 2012 WL 6041642 (D.S.C. Dec. 4, 2012).
>
> Recent decisions by courts in this District have held that, in light of the textual differences among the various provisions of Rule 8, "*Twombly* and *Iqbal* do not provide the pleading standard applicable to affirmative defenses." *Hand Held Prod.*, 2017 WL 2537235, at *6; *Cohen v. SunTrust Mortg., Inc.*, No. 3:16-CV-02513-CMC, 2017 WL 1173581, at *3 (D.S.C. Mar. 30, 2017) ("This court joins what appears to be the recent trend in finding the *Twombly-Iqbal* standard inapplicable to affirmative defenses."). The undersigned finds the reasoning of these decisions persuasive and likewise finds that affirmative defenses

are not subject to the pleading standard announced in *Twombly* and *Iqbal*.

*Cionci v. Wells Fargo Bank, N.A.*, C/A No. 9:21-03175-BHH-MHC, 2022 WL 18584373, at *2 (D.S.C. Dec. 6, 2022). The undersigned also finds the reasoning of these decisions persuasive and declines Plaintiff's implied invitation to apply the *Twombly/Iqbal* standard to Defendant's affirmative defenses, where Plaintiff repeatedly argues Defendant's affirmative defenses are improperly pled.

There is another instance in which the court could apply a heightened pleading standard. Fed. R. Civ. P. 9(b) imposes a heightened pleading standard for allegations of fraud or mistake. The Fourth Circuit has held "that defendants must satisfy Rule 9(b) when they plead affirmative defenses sounding in fraud." *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 704 (4th Cir. 2018).

However, the court declines to apply this heightened pleading standard, as well. The only affirmative defense this standard could apply to is Defendant's first affirmative defense, stating "Plaintiff's claims are barred as against Defendant by 15 U.S.C. § 1692k(c)." However, the parties have not cited to, nor is the court aware, of case law from either the Fourth Circuit or this district supporting the application of the Fed. R. Civ. P. 9(b) fraud standard to a "bona fide error" affirmative defense, grounded in 15 U.S.C. §

6

1692k(c). *See* 15 U.S.C. § 1692k(c) ("A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows *by a preponderance of evidence* that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.") (emphasis added)); *see also Johnson v. Credit Bureau Collection Servs.*, C/A No. 1:20-1639, 2021 WL 5810506, at *3 n.3 (M.D. Pa. Apr. 28, 2021) ("[W]e are persuaded by the reasoning in *Sexton v. Evergreen Vill. Cmty. MHC, LLC*, which held that 'mistake,' as used in Rule 9(b), is a term of art referring to contract law. No. 2:19-CV-00675-CW-JCB, 2020 WL 7038501 (D. Utah July 20, 2020). To hold otherwise would require heightened pleading for a vast number of causes of action, which we are not prepared to do . . . . Further, the evidentiary standards for a contractual mistake and a 'bona fide error' differ such that requiring heightened pleading for a mistake makes sense: the bona fide error defense must be proved by a preponderance of the evidence, and a mistake must be established by clear and convincing evidence."); *Ruff v. Credit Adjustment, Inc.*, C/A No. 2:18-CV-351, 2018 WL 4019464, at *3–4 (S.D. Ohio Aug. 23, 2018) (collecting cases, stating that "district courts have varied widely with their approach to which pleading standard a defendant must meet when asserting a bona fide error defense," and determining that, absent direction from Sixth Circuit, Fed. R. Civ. P. 8 applies); *Sellers v. Rushmore*

7

*Loan Mgmt. Servs., LLC*, C/A No. 3:15-1106-J-32PDB, 2016 WL 11431489, at *4 n.4 (M.D. Fla. May 26, 2016) (declining to find that Fed. R. Civ. P. 9(b)'s particularity requirement applies to bona fide error allegations under the FDCPA because, *inter alia*, to strike the defense and allow amendment would only slow progress and increase the costs of litigation); *Amaya v. Crowson & Crowson, LLP*, C/A No. EP-13-00130-DCG, 2013 WL 12126784, at *2 (W.D. Tex. Aug. 19, 2013) (collecting cases, finding that "a review of courts nationwide reveals that applying Rule 8's pleading standard when considering a motion to strike a § 1692k(c) 'bona fide error' defense is the majority position," and determining that the heightened pleading standard of Fed. R. Civ. P. 9 is not applicable to a bona fide error defense); *but see Bureau of Consumer Financial Protection v. Fair Collections & Outsourcing, Inc.*, No. GJH-19-2817, 2021 WL 2685251, at *3 (D. Md. June 30, 2021) ("At the pleading stage, a bona fide error defense is subject to the heightened pleading standard of Rule 9(b), which applies to allegations of fraud or mistake.").

Accordingly, the court will not apply the heightened pleading standard to Defendant's affirmative defenses as found in either *Twombly/Iqbal* or in Fed. R. Civ. P. 9(b). "Prior to the Supreme Court's decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Fourth Circuit held that general statements of affirmative defenses were sufficient provided they gave plaintiffs fair notice of the defense." *Hand Held Prod.*, 2017 WL 2537235, at

8

\*6; see *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1274, at 455–56 (2d ed. 1990))).

Upon review of Defendant's answer, the court concludes that Defendant's general statements of its affirmative defenses provide Plaintiff fair notice of Defendant's affirmative defenses and, therefore, meet Fed. R. Civ. P. 8(c)'s standard. Plaintiff can determine the details of these defenses through discovery. Plaintiff's motion to strike is denied.

III. Conclusion

For the foregoing reasons, Plaintiff's motion to strike [ECF No. 20] is denied.

IT IS SO ORDERED.

November 28, 2023
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge